**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **Criminal No. JKB 25-020** |
| **v.** | | |
| **DAZHON DARIEN** | * | |
| **Defendant** | * | |

* * * * * * * * * * * *

**DEFENDANT'S SENTENCING MEMORANDUM**

Dazhon Darien, the Defendant, by and through counsel, Julie Reamy, pursuant to 18 U.S.C. 3553 (d)(1), respectfully submits this sentencing memorandum for consideration in the Court's determination of an appropriate sentence.

## I. INTRODUCTION

On August 4, 2026, Mr. Darien entered a guilty plea to Count 5 of the Indictment charging him with Sexual Exploitation of a Minor, in violation of 18 U.S.C. §2251(a). The offense carries a minimum sentence of 15 years and a maximum of 30 years of imprisonment, from 5 years to life of supervised release, and up to a $250,000.00 fine. Sentencing is scheduled for November 10, 2026, at 11:00 a.m.

This memorandum is intended to apprise the Court of the defendant's position regarding calculation of the advisory guidelines and to provide important information in support of his sentencing recommendation.

## II. CALCULATION OF THE ADVISORY GUIDELINES RANGE

Mr. Darien accepts the guidelines calculation in the presentence report, which sets the advisory guidelines at 360 months based on a total offense level of 42 and criminal history category of II. ECF 79, ¶181. The government will recommend of sentence of 252 months of imprisonment. For the reasons stated below, undersigned submits that a sentence not exceeding 204 months is appropriate under the circumstances of this case.

## III. THE SENTENCING FACTORS OF 18 U.S.C. §3553(a) SUPPORT MR. DARIEN's SENTENCING RECOMMENDATION IN THIS CASE.

While the federal sentencing guidelines have been deemed to be advisory and not binding upon a sentencing court, *United States v. Booker*, 543 U.S. 220 (2005), federal district courts are required to properly calculate and consider the guidelines in sentencing. See 18 U.S.C. § 3553(a)(4); *Booker*, 543 U.S. at 264; *Rita v. United States*, 127 S. Ct. 2456 (2007); *Gall v. United States*, 128 S. Ct. 586, 596 (2007). "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *Nelson v. U.S.* 555 U.S. 350, 352 (2009); *U.S. v. Raby*, 575 F.3d 376, 381 (4th Cir. 2009).

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, 552 U.S. at 52 (quoting *Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035, 135 L.Ed. 392 (1996). The Supreme Court has explained the overall framework for making sentencing determinations and said,

> [A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by the party. In doing so, [the Judge] may not presume that the Guidelines range is reasonable. [The Judge] must make an individualized assessment based on the facts presented.

*Gall,* 128 S. Ct. 596-597 (2007), citing *Rita,*127 S. Ct. 2456 (2007).

The §3553(a) factors to be considered include the following:

(1) the nature of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentencing available;

(4) the Sentencing Guidelines calculations;

(5) the policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted disparities among similar offenders; and

(7) the need to provide restitution to any victims of the offense.

In the end, "a sentencing court must never disregard the legislative mandate that "[18 U.S.C. § 3553]...contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing.'" *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).

<u>*Nature and Circumstances of the Offense*</u>

Mr. Darien has accepted responsibility for his conduct in this case, which is detailed in the Statement of Facts attached to the plea agreement. Mr. Darien has admitted to exploiting several minor males between July 2023 and July 2024, causing them to create and send sexually explicit images to him over the internet. Mr. Darien has admitted that he paid the victims to record and

send the materials to him and that he had sexual contact with Male Victim 5 (then 17 years old). While Mr. Darien's conduct occurred while he held employment with a Maryland high school, none of the victims have been identified as students attending the school.

*History and Characteristics of the Defendant*

Dazhon Darien is 34 years old. He was born in Memphis, Tennessee as the only child to the nonmarital union [redacted] and [redacted]. Mr. Darien's parents, who met while serving in different branches of the United States military, separated soon after he was born. Mr. Darien's father ultimately settled in Los Angeles while Mr. Darien and his mother moved to Baltimore.

Mr. Darien experienced a tumultuous childhood marked by instability and different forms of abuse. In his early childhood, Mr. Darien was consistently shuffled back and forth between his parents' residences. According to Mr. Darien, he was sent to live with his father in Los Angeles when his mother experienced employment or relationship problems and he would be sent back to his mother in Baltimore when his father became physically abusive toward him. This pattern continued through Mr. Darien's high school years. Notably, the presentence report reflects that Mr. Darien attended three high schools in four years: he attended two schools in Maryland before graduating from Dorsey High School in Los Angeles.

[redacted] This prompted Mr. Darien to move back with his mother. However, it wasn't long before Mr. Darien began to encounter difficulties with men his mother dated, some of whom were physically abusive toward Mr. Darien and/or his mother, leading Mr. Darien to return to Los Angeles within a year.

[redacted]

[redacted]. According to Mr. Darien, the experience left him traumatized and deeply depressed. Mr. Darien says that he "cried out for help" during this time but those cries were unheard.

Even though Mr. Darien always held a good relationship with his mother, there were times when he was distant from her because of interference by the men she dated. While Mr. Darien had short-lived relationships with classmates and kids he met playing sports, he lacked any meaningful friendships in his life because he was constantly moving between Baltimore and Los Angeles and changing schools. The instability and Mr. Darien's strained relationships with his parents left him feeling lonely in his childhood, which he believes fueled [redacted] and led to his associations [redacted]. [redacted]

After graduating from high school in 2010, Mr. Darien focused on higher education. He enrolled at Mount St. Antonio junior college in Los Angeles and then at various other colleges and online college courses thereafter. Mr. Darien then moved into the workforce. He held consistent employment, mostly with various colleges, as well as brief stints as an airline customer service representative and a Process Engineer with a Texas oil company.

More recently, as is stated in Attachment 1 of the plea agreement, Mr. Darien was employed by Baltimore County Public Schools as the athletic director for Pikesville High School. Mr. Darien's employment ended following events that led to his sole adult conviction (disturbing school operations) in 2024. He was sentenced to 4 months of imprisonment for that offense.

While Mr. Darien was employed with Pikesville High School during the time that he committed the instant offense, there is no assertion that he had any inappropriate relationship with any of the students at Pikesville High School or any of his previous places of employment.

Leading up to and during the time that Mr. Darien committed the instant offenses, he was struggling with [redacted], which he attempted to medicate with a combination of alcohol and various prescription drugs to include Xanax, Valium, and Percocet, until about a month before his arrest. Reflecting on his conduct, Mr. Darien believes that the combination of his past [redacted] and drug use at the time all contributed to his conduct, for which he is deeply remorseful.

Mr. Darien has demonstrated acceptance of responsibility and remorse for his conduct through his guilty plea [redacted]

[redacted].

Mr. Darien has always held a close relationship with his mother and he and his father have worked to repair their relationship in recent years. Both, along with Mr. Darien's maternal aunt and one of his close friends, have submitted letters to the Court expressing their acknowledgement that the offense Mr. Darien committed is serious and requires accountability. They also provide valuable insight into the person they know him to be. Those who know Mr. Darien best describe him as caring, compassionate, protective, family-oriented, dependable, and selfless. Each letter provides specific examples of how Mr. Darien has exhibited these characteristics over his lifetime. Mr. Darien's family and his friend have pledged their continued support of him now and in the future.

*Need for the Sentence Imposed*

The Guidelines call for a sentence of 360 months in this case. However, "[t]he Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *Nelson v. U.S.* 555 U.S. 350, 352 (2009); *U.S. v. Raby*, 575 F.3d 376, 381 (4th Cir. 2009). Rather, the Guidelines are just one part of the overall sentencing decision and "a sentencing court must never disregard the legislative mandate that "[18 U.S.C. § 3553]...contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing.'" *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). The government has recognized that a 360-month sentence is not appropriate in this case and has recommend a 252-month sentence. Undersigned submits that level of sentence is still greater than necessary.

Mr. Darien has one prior criminal conviction, which overlapped with his conduct in this case, for disturbing school operations and was sentenced to 4 months of imprisonment. Mr. Darien has

never served any other time in prison, therefore even the mandatory minimum of 180 months would be far more substantial of a sentence than he has ever experienced.

Mr. Darien experienced a tumultuous childhood exacerbated by significant trauma, which led to [redacted] and substance abuse that likely contributed to his conduct. Mr. Darien has demonstrated acceptance of responsibility and remorse for his conduct. He acknowledges his need for mental health and substance abuse treatment, which shows his motivation toward rehabilitation. And Mr. Darien has the support of his family and friends going forward.

There is no dispute that Mr. Darien committed a serious offense and that a substantial sentence of imprisonment is not only statutorily mandated but necessary to satisfy the sentencing objectives of 18 U.S.C. 3553(a)(2)(A)-(D). However, in view of all the circumstances of this case, undersigned submits that a sentence not exceeding 204 months of imprisonment balanced with an appropriate term of supervised release and appropriate conditions would be sufficient to achieve the goals of sentencing. Such a sentence would reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide Mr. Darien with necessary services in connection with his rehabilitation.

*Pretrial Confinement Credit*

Mr. Darien has been detained in this case since January 27, 2025. He is entitled to 653 days of pretrial confinement credit.

*Designation and Programming Requests*

Mr. Darien believes that he would benefit from mental health counseling and substance abuse treatment and respectfully asks the Court to recommend him for both during service of his sentence. Mr. Darien is interested in receiving any vocational training available to him but has expressed specific interest in culinary arts and CDL licensing.

Mr. Darien asks the Court to recommend designation at either FCI Marianna or FCI Seagoville.

## IV. SENTENCING RECOMMENDATION

For all the above stated reasons, Mr. Darien submits that a sentence not exceeding 204 months of imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing set out in 18 U.S.C. § 3553(a) and is appropriate under all the circumstances of this case.

WHEREFORE, Mr. Darien respectfully requests that the Court adopt his sentencing recommendation in this case.

Respectfully submitted,

______________/s/________________

Julie M. Reamy
Federal Bar No. 28232
JULIE M. REAMY | Attorney At Law, LLC
One Olympic Place, Suite 900
Towson, Maryland 21204

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October 2026, a copy of the foregoing *Sentencing Memorandum* was filed under seal using the U.S. District Court for the District of Maryland's ECF system and will be provided separately to counsel for the government. A redacted version has been filed separately via ECF.

______________/s/_______________

Julie M. Reamy