IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DAZHON LESLIE DARIEN,**<br><br>**Defendant.** | **CRIMINAL NO. JKB-25-020** |

# GOVERNMENT'S SENTENCING MEMORANDUM IN SUPPORT OF A SENTENCE OF 21 YEARS' IMPRISONMENT FOR DAZHON LESLIE DARIEN

Dazhon Leslie Darien, while employed as an athletic director at a local high school, paid minors to create videos of themselves engaged in various sex acts and to send those videos to Darien. Darien directed the minors to expose themselves, to masturbate, and to insert objects into their anus. The defendant's exploitation of the victims was a pattern of exploiting and coercing minors that lasted for over a year. The defendant contacted at least 8 self-identified minors and solicited explicit files.

The defendant's exploitation of Minor Victim 1 began in mid-2023 and continued until June of 2024. That exploitation continued even after the defendant's digital devices were seized during the execution of a search warrant in an unrelated investigation in March 2024. The defendant's conduct shows that he presents a significant risk to the public. For the reasons set forth below, the Court should impose a sentence of 21 years' imprisonment followed by 30 years of supervised release.

## I. INTRODUCTION

On August 4, 2026, the defendant pled guilty to Count Five of the Indictment, which charges him with Sexual Exploitation of a Minor. The sentencing hearing on this matter is scheduled for November 10, 2026. United States Probation Officer Paige Cameron prepared the

Presentence Report, which provides for a final offense level of 42, a criminal history category II, and an advisory guideline of imprisonment of 360 months. The government agrees with the guideline calculation in the Pre-Sentence Report (PSR).

**A. Facts of the Offense**

The facts in this case are disturbing and reflect the danger that the defendant poses to the public, and to children in particular. During the guilty plea hearing, the defendant, under oath, admitted that the following facts were true:

> Dazhon Leslie Darien ("Darien"), age 31-32 at the time of these offenses, is a resident of Houston, Texas, and was previously a resident of Baltimore, Maryland. Between July 2023 through July 2024, Darien sexually exploited at least five minor males between the ages of 14 years old and 17 years old. Darien used the Snapchat application to communicate with the victims, and he then caused the victims to create sexually explicit images and videos and send them to him. Darien saved the images and videos on his phones and iCloud account. For at least one of the victims (Minor Victim 1), Darien induced the victim by paying him to create the sexual images and videos.
>
> Darien exploited the minors while he was an administrator and a coach at a Maryland high school, where he had regular access to minor boys. Darien continued to exploit minors following law enforcement's search of his residence in March 2024, and continued to exploit minors after he was charged with unrelated criminal conduct in state court.
>
> From April 2023 to June 2024, Darien worked for the Baltimore County Public Schools, initially as a high school teacher, then as an athletic director.
>
> **Darien's Sexual Exploitation of Minor Victim 1 (age 15-16) (Groups One through Six):**
>
> Darien exploited Minor Victim 1 for over a year, while the victim was 15-16 years old. Darien regularly paid Minor Victim 1 in exchange for sexually explicit videos, using the money transfer application CashApp.
>
> Darien communicated with Minor Victim 1 using the Snapchat application beginning no later than July 2023. Minor Victim 1 told Darien that he was 15 years old. Darien offered to pay Minor Victim 1 for sexually explicit pictures and videos. Minor Victim 1 agreed to produce the videos and sent the videos to Darien who paid Minor Victim 1 using CashApp. Minor Victim 1 produced videos in exchange for payment from Darien on multiple occasions, during which Darien directed

Minor Victim 1 expose his genitals, to masturbate, and to insert objects into his anus during the videos.

Using CashApp, Darien paid Minor Victim 1 nine separate times between December 2023 and March 2024, totaling $224. Many of the payments occurred on the same day that the videos were created and sent.

Between July 2023 and June 28, 2024, Darien caused Minor Victim 1 to produce and send to him at least 19 videos of Minor Victim 1 engaged in sexually explicit conduct. The videos were located in Darien's Google account, Darien's iCloud accounts, and on Darien's iPhone 14. Five of the videos are described below.

Additionally, when Darien was arrested on federal charges on January 27, 2025, an Apple iPhone 15 Pro, serial number FGK39X30Q5, was seized from his person. Investigators located a depiction of Minor Victim 1 on the phone.

Group One: Sexual Exploitation of Minor Victim 1
(Count One, July 20, 2023):

A video file partially titled, "AE~v4.mp4" that depicts Minor Victim 1 naked from the waist down with his genitals and anus exposed and displayed in a lascivious manner. The file was received by Darien on July 20, 2023, and was located on Darien's iPhone 14 and in one of his Snapchat accounts. Minor Victim 1 was 15 years old at the time of the video's creation.

Group Two: Sexual Exploitation of Minor Victim 1
(Count Two, December 13, 2023):

A video file partially titled, "103_0_0.mov" that depicts Minor Victim 1 naked from the waist down with his genitals and anus exposed and displayed in a lascivious manner. The video was created on December 13, 2023, and was located on Darien's iPhone 14 and in two of his iCloud accounts. Minor Victim 1 was 16 years old at the time of the video's creation.

Group Three: Sexual Exploitation of Minor Victim 1
(Count Three, February 29,2024):

Two video files partially titled, "dfwua.mov" and "726_0_0.mov" that depict Minor Victim 1 naked from the waist down with his genitals exposed and displayed in a lascivious manner and Minor Victim 1 masturbating his exposed genitals. The video was created on February 29, 2024, and was located on Darien's iPhone 14 and in Darien's Google account. Minor Victim 1 was 16 years old at the time of the video's creation.

Group Four: Sexual Exploitation of Minor Victim 1
(Count Four, March 22, 2024):

A video file partially titled, "1194_0_0.mov" that depicts Minor Victim 1 naked from the waist down with his genitals exposed and displayed in a lascivious manner and Minor Victim 1 masturbating his exposed genitals. The video was located in Darien's iCloud account and was created on March 22, 2024. Minor Victim 1 was 16 years old at the time of the video's creation.

Group Five: Sexual Exploitation of Minor Victim 1
(Count Five, June 28, 2024):

Two video files partially titled, "6efd0.mp4" and "v4.zip.mp4" that depict Minor Victim 1 masturbating his exposed genitals and digitally penetrating his anus. The video was located in on of Darien's Snapchat accounts, and was created on June 28, 2024, when Minor Victim 1 was 16 years old.

**Darien's Sexual Exploitation of Minor Victim 2 (age 14) (Group Seven):**

Using text messages through his iCloud account, Darien communicated with Minor Victim 2 between November 2023 and January 2024. Minor Victim 2 was 14 years old and told Darien that he was a freshman in high school. Darien told Minor Victim 2 that he was a high school principal.

Shortly after the communication began, Darien discussed sexual activity with Minor Victim 2 and began to make plans for Darien and Minor Victim 2 to meet in person.

Minor Victim 2 sent Darien a photograph of his face, and Minor Victim 2 also sent Darien an image of his buttocks. During their communication, Minor Victim 2 provided Darien with his address, and Darien arranged to have food from Chik Fil A purchased and delivered to Minor Victim 2's residence. Darien also sent two $20 payments to Minor Victim 2.

Some of the communications between Darien and Minor Victim 2 were located in Darien's iCloud account and on his iPhone 14, including the following:

- Minor Victim 2: That's why I barley go out
- Darien: lol you gonna come see me tho
- Minor Victim 2: What time?
- Darien: I'm thinking like 10/1
- Minor Victim 2: 11 or 12
- Darien: Yeah
- Minor Victim 2: Bet
- Darien: What you tryna do
- Minor Victim 2: Suck your rick

- Darien: Dick*<br>😝<br>Can you take it

Darien told Minor Victim 2 that Minor Victim 2 needed a sex toy and then offered to purchase him a "pocket pussy." After Minor Victim 2 sent Darien the website link for the sex toy, Darien responded, "Done," and then told Minor Victim 2 that he would give it to him if they met in person.

During the iCloud messaging, Darien directed that Minor Victim 2 move their communications to the Grindr and Jack'd applications, and he did. Grindr and Jack'd are both encrypted social network dating applications.

**Darien's Communication With and Sexual Exploitation of Additional Minors:**

The examination of Darien's devices and accounts revealed that Darien was also communicating with addition minors between November 2023 through July 2024.

Minor Victim 3:

Minor Victim 3 lived in Baltimore, Maryland and was 16 years old when he communicated with Darien. Darien and Minor Victim 3's communications included discussions about sending videos and pictures and arranging to meet.

Minor Victim 4:

Minor Victim 4 lived in Baltimore, Maryland and was 16 years old when he communicated with Darien using iCloud messages. A video depicting Minor Victim 4's exposed genitals was located in one of Darien's Snapchat accounts.

Minor Victim 5:

Minor Victim 5 lived in Brandywine, Maryland and was 17 years old when he communicated with Darien. A video depicting Minor Victim 5 with his genitals and anus exposed and displayed in a lascivious manner was located in one of Darien's Snapchat accounts. Darien and Minor Victim 5 arranged to meet, and Minor Victim 5 gave oral sex to Darien.

Minor Victim 6:

Minor Victim 6 lived in Houston, Texas and was 15-16 years old when he communicated with Darien. Darien's sent Minor Victim 6 payments using CashApp in exchange for nude images of Minor Victim 6. The images were not located in Darien's accounts or on his iPhone 14.

Minor Victim 7:

Minor Victim 7 lived in Las Vegas, Nevada. Darien's sent Minor Victim 7 two payments using CashApp. Minor Victim 7 was 15 years old at the time.

Minor Victim 8:

Minor Victim 8 lived in Texas and was 14. Over the course of three days in March 2024, Darien's sent Minor Victim 8 payments using CashApp. One of the payments was captioned "priv- what's your snap name again?"

**March 2024 – Search Warrant and Seizure of Darien's Devices:**

On March 7, 2024, investigators with the Baltimore County Police Department ("BCPD") executed a search and seizure warrant at Darien's residence in Baltimore, Maryland. During the searches, BCPD located and seized various electronic devices, including Darien's Apple iPhone 14 Pro Max, serial number H9KR2DKJ2T, that was located in his bedroom. Federal search warrants were obtained for Darien's electronic devices, which included the iPhone 14 Pro Max.

In addition to the files described above, investigators also located approximately 20 videos depicting children engaged in sexually explicit conduct, to include prepubescent children. The files were obtained through the encrypted application Telegram. The Telegram application was installed on Darien's iPhone 14, with the Telegram account in the name of Lamont Bishop, and the username "xaviermajor" which is a moniker that Darien frequently uses.

Descriptions of two of these videos are below:

i. Video File 10 depicts a prepubescent female, naked lying on her back with her arms spread to each side. An erect adult penis ejaculates on the child's face.

ii. Video File 11 depicts a nude prepubescent male lying sleeping on his stomach on a bed. The child's legs are spread, exposing his genitalia. A nude adult male lies down on the bed next to the child and begins rubbing his erect penis and fingers against the child's anus. The adult male then anally penetrates the child with his penis.

The defendant agrees that the images and videos described above were produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

The devices used by Darien to communicate with the victims listed above were made outside of Maryland. Darien admits that he used a facility and means

of interstate commerce, to persuade, induce, entice, and coerce the victims listed above to engage in sexual activity, and that he could have been charged with a criminal offense for engaging in the sexual activity.

The events described above occurred in the District of Maryland (until June 2024) and the Southern District of Texas (June and July 2024).

### B. Applicable Sentencing Guidelines Factors

In calculating the advisory guidelines range, Paragraph 7a-7x of the defendant's Plea Agreement are largely consistent with the analysis set forth in Part A of the Presentence Investigation Report ("PSR"). *See* PSR ¶¶ 45-105, ECF 79. Because the sentencing will occur after November 1, 2026, the PSR uses the new multiple counts calculation, resulting in total offense level of 42, one level less than the parties' plea agreement anticipated. The government agrees with this calculation. The defendant has two criminal history points based on a 2024 conviction for disturbing school operations, resulting in a Criminal History Category of II. Thus, based on the advisory guidelines and a criminal history category of II, the advisory sentencing guidelines recommend a sentence of 30 years' (360 months') imprisonment. PSR ¶ 181.

## II. SECTION 3553(a) FACTORS

### A. The Nature and Circumstances of the Offense

The nature and circumstances of this offense weigh strongly in favor of a lengthy sentence.

#### a. The Defendant Exploited Numerous Victims Over a Lengthy Period

First, the defendant's conviction did not result from an isolated incident, nor was his conduct confined to the distant past. The defendant sexually exploited eight minor males on multiple occasions throughout 2023 and 2024, and his conduct continued after the date the search warrant was executed at his residence for an unrelated offense.

b. The Defendant Exploited Young Children Throughout the Country

Second, the defendant used social media and other mobile communication tools to sexually exploit minors, one as young as 14, and, therefore, vulnerable; and his abhorrent conduct victimized children throughout the United States. From the confines of his home, the defendant victimized minors in various locations in Maryland, Texas, and Nevada.

c. The Defendant Paid Minors for Videos of Sex Acts

Third, in addition to exploiting adolescent boys to create explicit images and videos, the defendant regularly paid for the depictions through online payment applications, food, gift cards, and even the offer of a sex toy.

d. The Defendant's Behavior Was Methodological and Willful

Fourth, the defendant's conduct was not attributable to youthful indiscretion or a perverted form of experimentation with online anonymity. The defendant's conduct was methodological and willful. The defendant stalked children on social media platforms that were designed for users to interact easily and share photos, videos, and their personal information with the public. The defendant then used these applications' functions to persuade minors he found to communicate with him, to engage in sexual discussions, and to exploit them.

e. The Defendant's Behavior Continued Following The Search of His Residence and Seizure of His Digital Devices

Fifth, the defendant's exploitation of Minor Victim 1 started no later than July 2023 when Minor Victim 1 was 15 years old, and continued through June 2024, when Minor Victim 1 was 16 years old. Notably, the defendant's house was searched in March 2024 and digital devices containing evidence of the defendant's exploitation of minor victims were seized. Despite knowing that investigators would likely learn of his sexual exploitation of minors, the defendant continued to exploit Minor Victim 1—including on March 22, 2024, just two weeks after the

search, and then again in July 2024. The defendant's immediate and continued exploitation of Minor Victim 1 reflects either an inability or unwillingness to stop his abusive conduct and underscores the danger posed by the defendant.

f. The Danger Posed by the defendant Is Not Diminished Online

Sixth, the defendant's behavior is not mitigated—as the defense may suggest—by the assertion that the defendant's conduct did not include any so-called "contact offense." During and as part of the sexual exploitation of Minor Victim 2 (14) and Minor Victim 3 (16), the defendant discussed making plans to meet in person. The defendant did meet with Minor Victim 3 (17) and engaged in sex acts.

The defendant's online exploitation also reflects the danger posed by the defendant. An offender who exploits children in person can only be in one place at one time. An in-person offender can be surveilled and identified. Without infinite resources, an in-person offender can only travel so far, for so long. Online predators, by contrast, can sexually exploit children who live all over the country, like this defendant did. Online predators can abuse multiple children at once—as illustrated by this defendant. And online predators can, like this defendant did for over a year, can conceal their conduct from the confines of their homes.

In any event, the distinction between in-person offenders and online predators is beside the point. The harm suffered by each victim is the significant. As one expert has explained, "Even though they haven't been touched, the trauma level we see is as severe as hands-on offenses, because a lot of these kids don't know how to end what can go on, sometimes, for years. And they think it's not happening to anyone else." Benjamin Wittes et al., *Sextortion: Cybersecurity, Teenagers, and Remote Sexual Assault, Center for Technology Innovation at Brookings*, 23 (2016), available at https://www.brookings.edu/wp-content/uploads/2016/05/sextortion1-1.pdf.

### B. History and Characteristics of the Defendant

The defendant's history and characteristics, too, support the government's requested sentence. *See* 18 U.S.C. § 3553(a)(1).

Insofar as the defendant may emphasize his lack of criminal history prior to 2024 to minimize the danger he poses to the public; the observation overlooks the nature of the defendant's conduct. The defendant did not commit just one offense at a singular point in time. By his own admission, he sexually exploited at least 8 minors over the course of more than a year, on numerous occasions.

Nor do the defendant's background and age mitigate his conduct. The defendant is 34 years old and has attended college and graduate courses, despite not having received a college degree. The defendant also has a history of regular employment dating back to 2018.

Finally, in evaluating the defendant's history and characteristics, the Court should not isolate other parts of the defendant's life from his conduct in this case. The defendant's exploitative behavior is itself demonstrative of part of his character.

### C. Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment

The need for the sentence imposed to reflect the seriousness of the defendant's offenses, promote respect for the law, and provide just punishment likewise warrants the significant term of 21 years' imprisonment. See 18 U.S.C. § 3553(a)(2)(A).

The defendant's crimes were undoubtedly serious. The defendant used social media to sexually exploit numerous minors located throughout the United States. The defendant's victims were between the ages of 14 and 17. The defendant's exploitation included enticing certain victims to participate in remote physical abuse involving sex acts. And, for his own sexual gratification,

the defendant paid the minor victims to produce and send the explicit videos and images. Accordingly, a sentence of 21 years is appropriate and will promote respect for law.

The seriousness of the defendant's conduct is also underscored by its effect on his victims, and it is not difficult to imagine what those effects were. Children exploited in abuse materials like these "must live with the permanency, longevity, and circulation of such a record of their sexual victimization. This often creates lasting psychological damage to the child, including disruptions in sexual development, self-image, and developing trusting relationships with others in the future." U.S. Dep't of Justice, *Nat'l Strategy for Child Exploitation Prevention and Interdiction: A Report to Congress*, 72 (2016), available at https://www.justice.gov/psc/file/842411/download.

The sentence imposed by this Court should consider the impact of the defendant's crimes on the victims and their families.

### D. Need to Protect the Public from Further Crimes of the Defendant

The need to protect the public from further crimes of the defendant makes the imposition of the government's requested sentence critical. *See* 18 U.S.C. § 3553(a)(2)(C). The defendant exploited numerous minors for over a year, including a full year of exploitation of Minor Victim 1. Although the last video sent from Minor Victim 1 to Darien was in July 2024, when Darien was arrested in January 2025, he had images and videos of Minor Victim 1 on his phones.

Insofar as the risk of recidivism declines with age, the fact that the defendant is relatively young – only 34, also makes him more—rather than less—dangerous to the public. Unless the defendant is sentenced to a term of imprisonment that results in his incarceration until he nears the age of 50, the defendant's risk of recidivism will not have materially diminished. Nor are conditions of supervised release an alternative to imprisonment that will adequately mitigate that

risk. It is critical that the Probation Office be authorized to install computer monitoring software and that the defendant be subject to unannounced computer searches. But, given the "ready accessibility of smart phones and digital communication devices," it will be "all too easy" for the defendant to resume his sexual exploitation of children online. *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020).

As Judge Hollander has commented in denial of a defendant's request for compassionate release:

> There are also serious concerns about the "frightening and high risk of recidivism" posed by sex offenders. *McKune v. Lile*, 536 U.S. 24, 34 (2002); *see Smith v. Doe*, 538 U.S. 84, 103 (2003). Indeed, the Supreme Court has remarked on "the high rate of recidivism among convicted sex offenders and their dangerousness as a class," observing that when convicted sex offenders reenter society, "they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." *McKune*, 536 U.S. at 33; see also *Belleau v. Wall*, 811 F.3d 929, 934 (7th Cir. 2016) (discussing the rate of recidivism among sex offenders).

*United States v. Fischer*, No. CR ELH-14-0595, 2020 WL 2769986, at *6 (D. Md. May 27, 2020), *appeal dismissed*, 851 F. App'x 442 (4th Cir. 2021).

**E. Need to Afford Adequate Deterrence to Criminal Conduct**

Finally, just as the Court's sentence must protect the public from further crimes by this defendant, it is equally critical for the Court's sentence to afford adequate deterrence to similar criminal conduct by others. *See* 18 U.S.C. § 3553(a)(2)(B). A 21-year sentence would accomplish that result.

Online exploitation represents, as a general matter, an ever-expanding danger to children and families. Social media platforms and other technology have "made it easier for predators to get our kids faster and more efficiently," and make children even more vulnerable by "normalizing communication with strangers." Nellie Bowles & Michael H. Keller, *Video Games and Online*

*Chats Are "Hunting Grounds" for Sexual Predators,"* N.Y. Times (Dec. 7, 2019), https://www.nytimes.com/interactive/2019/12/07/us/video-games-child-sex-abuse.html.

Accordingly, deterrence of online child exploitation is essential for the simple reason that the danger it poses to children is rising more quickly than any other threat.

## III. CONCLUSION

The defendant's conduct was intentional, pervasive, and serious. He paid children to degrade themselves for his prurient interests, and he did so for over year, including after his devices containing the exploitative files were seized by law enforcement. Accordingly, for the foregoing reasons, the government respectfully requests that the Court impose a sentence of 21 years' imprisonment and 30 years of supervised release.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: ______________________
Paul E. Budlow
Assistant United States Attorney